No. 14,243.

MARTIN v. INDUSTRIAL COMMISSION ET AL.
(74 P. [2d] 1243)

Decided December 27, 1937.

Mr. L. F. BUTLER, Mr. CLARENCE W. BUTTON, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. FRANK C. WEST, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN this workmen's compensation case, plaintiff in error says that, ''The sole and only question that arises on this appeal is, whether or not, plaintiff is entitled to compensation benefits for total temporary disability during part or all of a period beginning January, 1936, to March 11, 1937.'' The commission found and awarded, that he was not so entitled to benefits, but was entitled to compensation at the rate of $10.93 from March 11, 1937, during temporary total disability. This award was affirmed upon trial in the district court, and plaintiff seeks reversal here. There is no occasion to refer to any of the parties other than plaintiff in error, who will be mentioned as claimant, and the Industrial Commission, hereinafter called the commission.

It is not necessary to relate the case history leading up to the issue presented, it being sufficient to say that claimant received a compensable injury March 21, 1930, and a claim for compensation based thereon, culminated on September 15, 1931, in an award for temporary total disability from April 1, 1930, to September 14, 1931, and thereafter for 83.4 weeks for permanent disability resulting from sixty per cent loss of the use of his right leg at the knee. Twice, following this award, claimant petitioned for reopening of the case, alleging change in condition as ground for further compensation. The first hearing resulted in a finding on August 28, 1933, that there had been no showing of a change in condition, and

a denial of the claim. On the second petition, two hearings were had, November 4, 1935, and December 18, 1935, again terminating in a denial of further compensation by an award made final January 13, 1936.

March 19, 1937, claimant again petitioned for further hearing, which was ordered and held April 21, 1937, testimony being taken, the commission on May 27, 1937, entered the following award:

"That the claimant sustained an injury in his right leg in an accident arising out of and in the course of his employment on March 21, 1930. He quit work immediately. He was able to return to work on September 15, 1931 with a 60% loss of use of the right leg measured at the knee. Since that time claimant's condition has became progressively worse until March 11, 1937, when he became again temporarily and totally disabled. Since March 11, 1937, he has been and now is receiving further medical care. Compensation for the first period of temporary total disability and for permanent partial disability as heretofore found to exist has been paid in full. Claimant's average weekly wages were $21.85.

"It is, therefore ordered: That respondents pay compensation to the claimant at the rate of $10.93 per week from March 11, 1937, during temporary total disability."

Claimant contends that the award is contrary to the undisputed evidence, which, he says, "shows conclusively that he was totally temporarily disabled from January, 1936, to March 11, 1937, and thereafter." The commission asserts that the award is based not only upon conflicting testimony, but that it is supported by the preponderance thereof as well. At the hearing, two physicians and claimant testified. Claimant testified that during the last six months his condition had gotten worse; that he went to the hospital March 11, 1937, for treatment and had not been able to work since leaving there, April 19, 1937. Dr. Condon first examined claimant on March 9, 1937, and found osteomyelitis (infection of the bone marrow, and a progressive disease) present, and claim-

ant was temporarily totally disabled. Dr. Spicer, who had attended claimant during all the time here involved, furnished the testimony upon which claimant now relies, when he said, ''I think he has been temporarily totally disabled since 1935.'' The effect of this statement, made April 21, 1937, is minimized by the doctor's further testimony given at the same time, to the effect that he did not believe the osteomyelitis was present when he examined the claimant in October, 1935; that he had examined the claimant off and on since that time and that his condition had been about the same until about six months before, when it seemed to have gotten worse; that at the present time he feels that the claimant had osteomyelitis; that when this acute condition set in was the first real change he had noticed in claimant's condition from the time of the previous award made in 1935. This seems inconsistent with the statement that claimant had been temporarily totally disabled since 1935.

Full compensation had been paid for claimant's disability prior to March 11, 1937, as found and awarded. It is perfectly clear from the testimony that March 11, 1937, is the only definite date that could be fixed as the beginning of the present total disability. It was upon that date that claimant went to the hospital for treatment and he has been totally disabled since that time. It was approximately that time when his present trouble was diagnosed. This is contrary to claimant's contention, based upon Dr. Spicer's statement, that claimant had been totally disabled since 1935. These record facts supply an ample basis for the commission's finding and award, as made, and in our opinion, a different finding would have been improper. So grounded, this award by the fact finding body, as in all like cases, cannot be disturbed on review.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.